IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JUAN SARMIENTO, JR., <br> Reg. No. 64324-379, <br><br> Petitioner, <br><br> v. <br><br> WARDEN ALAN COHEN, <br><br> Respondent. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CASE NO. 2:20-CV-884-WHA-KFP <br> ) <br> ) <br> ) <br> ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION**

This case is before the Court on a 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus filed by Juan Sarmiento, Jr. At the time he filed the petition, Sarmiento was incarcerated at the Federal Prison Camp in Montgomery, Alabama, serving a six-month sentence imposed by the United States District Court for the Middle District of Florida for violating the conditions of his supervised release.[1] Doc. 16-1. In his petition, Sarmiento challenges the computation of his sentence by the Bureau of Prison (BOP) and argues that he should have received credit against his federal sentence for the time spent on bond in 2020 based on the restrictive nature of his bail. Doc. 1 at 1–5.

---

[1] Sarmiento was originally sentenced in the United States District Court for the Southern District of Texas for Possession with Intent to Distribute a Quantity of Methamphetamines Exceeding 50 Grams in violation of 8 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) and 18 U.S.C. § 2. On March 27, 2020, the court transferred jurisdiction of Sarmiento's supervised released term to the United States District Court for the Middle District of Florida. Doc. 16-1 at 7.

Respondent filed a response to the Petition with supporting evidentiary materials, arguing the Petition should be dismissed because Sarmiento failed to exhaust his available administrative remedies through the BOP before filing. Doc. 16 at 4–6; Doc. 16-1 at 4–5, 19. Respondent also argues the Petition should be denied because Sarmiento is entitled to no relief on his claims. Doc. 16 at 6–8; Doc. 16-1 at 3–4, 15, 17. The Court granted Sarmiento an opportunity to file a reply, but he failed to do so. A review of the BOP's website shows that Sarmiento was released from custody during the pendency of this action.[2]

## II.   DISCUSSION

### A.   Jurisdiction & Venue

The law is settled that a 28 U.S.C. § 2241 petition for writ of habeas corpus is the proper vehicle for a prisoner to challenge the manner, location, or execution of his sentence. *See Lopez v. Davis*, 531 U.S. 230, 236 (2001); *Williams v. Pearson*, 197 F. App'x 872, 877 (11th Cir. 2006). On June 6, 2020, federal authorities arrested Sarmiento for violating the conditions of his supervised release. Doc. 16-1 at 3. He was released from federal custody on June 8, 2020, on the previous conditions of his supervised release and electronic monitoring. *Id.* On June 24, 2020, the United States District Court for the Middle District of Florida sentenced him to a six-month term of imprisonment for his violation of supervised release. *Id.* Sarmiento requests credit against his federal sentence for four months he spent on bond after being arrested until he voluntarily surrendered to the

---

[2] Available at https://www.bop.gov/inmateloc/ (last visited March 29, 2022).

Montgomery Federal Prison Camp on September 29, 2020. *Id.* at 3–4. Because Sarmiento challenges the execution of his sentence, his claim is proper under 28 U.S.C. § 2241.

Venue is proper because Sarmiento was incarcerated in this district when he filed the Petition. *Fernandez v. United States*, 941 F.2d 1488, 1495 (11th Cir. 1991) (holding that a 28 U.S.C. § 2241 petition for habeas corpus relief generally must be brought in the district court where the inmate is incarcerated); *Brown v. Warden of FCI Williamsburg*, No. 819CV00546HMHJDA, 2019 WL 1780747, at *2 (D.S.C. Mar. 25, 2019), *report and recommendation adopted,* No. CV 8:19-546-HMH-JDA, 2019 WL 1773382 (D.S.C. Apr. 23, 2019) (finding that a § 2241 petition must be brought against the warden of the facility where the prisoner is being held and in the district of confinement rather than in the sentencing court) (citing 28 U.S.C. § 2242 and *U.S. v. Miller*, 871 F.2d 488, 490 (4th Cir. 1989) (per curiam)).

**B.     Mootness**

To obtain relief in this habeas action, Sarmiento must demonstrate that he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3). Under Article III § 2 of the United States Constitution, federal courts are barred from hearing matters, including habeas petitions, in the absence of a live case or controversy. *See e.g., Spencer v. Kemna,* 523 U.S. 1, 7 (1998); *Deakins v. Monaghan,* 484 U.S. 193, 199 (1988). For a live case or controversy to exist at all times during this litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Continental Bank,* 494 U.S. 472, 477 (1990); *see also North Carolina*

*v. Rice,* 404 U.S. 244, 246 (1971) (per curiam ) (observing that federal courts have no power to decide questions that cannot affect the rights of litigants before them).

A case is moot if a court cannot give meaningful relief to a live controversy. *Soliman v. U.S. ex rel. INS*, 296 F.3d 1237, 1242 (11th Cir. 2002) (citation omitted). "When effective relief cannot be granted because of later events, the [case] must be dismissed as moot." *Westmoreland v. Nat'l Transp. Safety Bd.,* 833 F.2d 1461, 1462 (11th Cir. 1987); *Am. Rivers v. Nat'l Marine Fisheries Serv.,* 126 F.3d 1118, 1123 (9th Cir. 1997) (holding that a claim is moot and must be dismissed if an event occurs that prevents the court from granting effective relief). In the specific context of habeas petitions, the case-or-controversy requirement warrants a finding of mootness if (1) the petitioner has received the relief requested in the petition or (2) the court is unable to provide the petitioner with the relief sought. *See Munoz v. Rowland,* 104 F.3d 1096, 1097–98 (9th Cir. 1997).

Sarmiento's ultimate objective in filing this action was to receive prior-custody credit on his federal sentence for time spent on bond in 2020 based on the restrictive nature of his bail. He has since been released from custody. Therefore, the Court cannot give him meaningful habeas relief on his claim, and there is no allegation in his Petition that he is subject to future adverse consequences related to his claim. *See Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987).  Because there is no longer a case or controversy to litigate, Sarmiento's request for habeas relief is moot, and his Petition is due to be dismissed. *See United States ex rel. Graham v. United States Parole Comm'n*, 732 F.2d 849, 850 (11th Cir. 1984) (finding that challenge to parole regulation was mooted by release on parole, as a favorable decision would not entitle petitioner to any additional relief).

### III.     CONCLUSION

Accordingly, the undersigned Magistrate Judge RECOMMENDS that Sarmiento's Petition be DISMISSED with prejudice as moot.

Further, it is ORDERED that by **April 14, 2022**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 31st day of March, 2022.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE